UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| CHRISTOPHER M. MAJOR, | ) |
| Plaintiff, | ) Civil Action No. 5:22-CV-253-CHB |
| v. | ) |
| LEXINGTON FAYETTE URBAN COUNTY DETENTION CENTER ET AL., | ) **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Christopher Major ("Major") is a pretrial detainee confined at the Fayette County Detention Center ("FCDC") in Lexington, Kentucky. *See* [R. 1, p. 1]. Major has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [R. 1]. The Court has granted his motion to proceed *in forma pauperis* by separate Order. [R. 8]. The Court must review the complaint prior to service of process, and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; *Hill v. Lappin*, 630 F. 3d 468, 470–71 (6th Cir. 2010). At this stage, the Court accepts all non-conclusory factual allegations in the complaint as true and liberally construes its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437–38 (6th Cir. 2012).

Major alleges that in September 2021, FCDC Officer Eric King ("Officer King") was driving him to a court hearing in a transport van. [R. 1, at p. 2]. During that trip, King "backed into the wall at court hard while I was in restraints at my back and I was injured..." *Id.* (cleaned up). Major states that King later stopped working for the jail, and that the van had to be repaired.

*Id.*, at pp. 2–3. Major names Officer King and FCDC as defendants. *Id.* at 1. Major appears to allege violation of unspecified constitutional rights. *See id.* at 4.

The Court will first dismiss the claims against the FCDC. A county jail or detention center is not a legal entity which may be sued. *See Marbry v. Corr. Med. Serv.*, 238 F.3d 422, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (citing *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991)); *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (holding county jail is a "department of the county" and "not a legal entity susceptible to suit"). The Court could construe Major's claim against the detention center as one against Fayette County itself. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."). But a municipality or county government is only liable for constitutional violations under 42 U.S.C. § 1983 when its employees cause injury by carrying out the county's formal policies or informal practices. *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978). To state a claim against such a government entity, a plaintiff must identify the specific policy or custom which he alleges caused his injury. *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010). Here, Major does not identify such a county policy or custom, and therefore fails to state a claim for relief against the county. *Thomas v. Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The Court will therefore dismiss FCDC as a defendant in this action. *See Bright v. Gallia Cnty.*, 753 F. 3d 639, 660 (6th Cir. 2014); *Watson v. Gill*, 40 F. App'x 88, 90 (6th Cir. 2002).

The Court will also dismiss the claim against Officer King for failure to state a claim upon which relief may be granted. The Court liberally construes Major's allegations as asserting a claim of deliberate indifference to his health and safety under the Fourteenth Amendment. However, Major alleges only that he was injured when Officer King was backing up the transport van and

hit a wall. [R. 1, p. 2]. Major does not allege intentional conduct by Officer King, nor even suggest recklessness by Officer King with regard to his safety. *See Brawner v. Scott Cnty.*, 14 F. 4th 585, 596–97 (6th Cir. 2021) (holding that a pretrial detainee asserting a deliberate indifference claim must establish that the defendant's mental state showed reckless disregard for his safety), *cert. denied sub nom. Scott Cnty. v. Brawner*, No. 21-1210, 2022 WL 4651298 (Oct. 3, 2022). And courts have consistently held that transporting a restrained inmate without a seatbelt does not present a substantial and objectively serious risk of harm sufficient to state a viable constitutional claim unless accompanied by intentionally reckless driving. *See Groce v. Smith*, No. 3:15-CV-0823, 2015 WL 4743818, at *3 (M.D. Tenn. Aug. 10, 2015) (collecting cases); *Smith v. Sec'y for the Dep't of Corr.*, 252 F. App'x 301, 304 (11th Cir. 2007); *Dexter v. Ford Motor Co.*, 92 F. App'x 637, 643 (10th Cir. 2004). While Major suggests that Officer King's driving might have been negligent, but this is not sufficient to establish a violation of his constitutional rights.

Accordingly, it is **ORDERED** as follows:

1. Plaintiff Christopher Major's Complaint **[R. 1]** is **DISMISSED**.

2. This matter is **STRICKEN** from the Court's active docket.

This the 11th day of October, 2022.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY